NOT DESIGNATED FOR PUBLICATION

No. 113,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LASHA D. WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed June 17, 2016.
Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Jason Belveal*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  Lasha D. Williams appeals the district court's denial of his request
for a dispositional departure to probation. Finding no error, we affirm.


FACTS

On or about July 28, 2013, police stopped Williams just outside of Valley Falls in
in Jefferson County for a traffic violation and on suspicion of driving on a suspended
license. Based on their interactions with Williams, the officers believed there was other

1

illegal activity going on. Ultimately, they searched Williams and his car and found .64 grams of methamphetamine, other controlled substances, and drug paraphernalia.

As part of a plea agreement with the State, Williams pled no contest to possession of methamphetamine with intent to distribute. The State agreed to dismiss the remaining charges and to recommend that Williams be placed on probation to enter drug treatment.

Under the Kansas sentencing guidelines for drug offenses, Williams' presumptive sentence based on the severity level of his crime and his criminal history score of B would be 41 to 47 months in prison. See K.S.A. 2015 Supp. 21-5705(d)(1)(A) (possession of less than 3.5 grams of methamphetamine is severity level 4 drug felony); K.S.A. 2015 Supp. 21-6805(a). But a court may grant a shorter sentence or place the defendant on probation if it finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2015 Supp. 21-6815(a). Williams filed a motion for both downward dispositional and durational departures, primarily requesting that the district court place him on probation rather than sentence him to prison in accordance with the State's agreed-to recommendation.

At the sentencing hearing, the district court first noted that Williams' had eight past convictions, including some for drug-related crimes, and that there were charges pending against him for possession of marijuana in Shawnee County. Williams' attorney emphasized that Williams had never received drug treatment, despite his serious drug problem. The State said it was aware of those past drug convictions in making its plea deal with Williams and had agreed to support Williams' request for probation because he had cooperated with police and had never received drug treatment. The State also believed that because Williams would be required to register as a drug offender, it could still monitor him and ensure community safety. But since no treatment facilities had agreed to take Williams, the district court was not comfortable making a ruling without

2

specific treatment plans in place. Because of these concerns, the district court ordered Williams to undergo a drug and alcohol assessment.

After Williams obtained his assessment, the district court reconvened the sentencing hearing. The court reported that the drug and alcohol evaluation found that Williams would likely be unsuccessful in an outpatient treatment program. The State reiterated that it would follow the plea agreement and requested the court to make the appropriate findings and place Williams on probation. The district court asked the State what it would need to find in order to do so. The State replied that the court would need to find that Williams would be "amenable to probation" and would not "constitute a danger to the public." Williams' attorney acknowledged that "Mr. Williams is one of those folks that falls into the category that until he decides to straighten up, it isn't going to happen" and that neither prison nor probation would likely have a greater positive impact on Williams' life.

The district court ultimately denied the request for probation. It noted that the drug and alcohol evaluation did not provide support for the notion that Williams entering treatment would serve his needs and protect the public, and therefore it could not make the findings necessary for a dispositional departure. But the district court did grant the portion of Williams' motion requesting a durational departure based on Williams' cooperation with law enforcement and sentenced him to 34 months in prison with 24 months' postrelease supervision.

Williams has timely appealed to this court from the denial of his dispositional departure motion.

ANALYSIS

Williams argues that the district court abused its discretion when it denied his request for probation. The State contends that the district court did not abuse its discretion.

Generally, this court reviews a district court's ruling on a departure motion for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). Likewise, when the extent of a departure is challenged, this court also reviews the matter for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011); *State v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014), *rev. denied* 302 Kan. __ (August 20, 2015); *State v. Box*, No. 110,491, 2014 WL 6490232, at *2 (Kan. App. 2014) (unpublished opinion) (affirming district court's denial of dispositional departure when defendant had not previously performed well on probation), *rev. denied* 302 Kan. __ (July 21, 2015). A district court only abuses its discretion when no reasonable person would agree with its view or its decision is based on an error of law or fact. *State v. Pfannenstiel*, 302 Kan. 747, 760, 357 P.3d 877 (2015).

As a preliminary matter, we note this court has jurisdiction to consider Williams' appeal. In *State v. Looney*, 299 Kan. 903, 908-09, 327 P.3d 425 (2014), the Kansas Supreme Court held that a defendant may appeal a favorable departure sentence unless another more specific provision prohibits the appeal. By definition, a departure sentence is any sentence that does not conform with the presumptive sentence for the offender, and a presumptive sentence is the sentence provided in the sentencing grid for the offender's criminal history and the severity level of the offense. K.S.A. 2015 Supp. 21-6803(f), (q). Under K.S.A. 2015 Supp. 21-6820(c)(2), this court does not have jurisdiction to review any sentence within the presumptive sentence range for the offense or "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

Ironically enough, the district court's benevolence in granting Williams a durational departure provides the only jurisdiction for this court to hear Williams' appeal. Had the district court sentenced Williams anywhere within the 41 to 47-month range in the drug level 4-B gridbox, his sentence would have been entirely within the presumptive range and therefore unappealable. But by granting the *durational* portion of the departure motion, even while denying the *dispositional* portion, the district court did not sentence Williams to the presumptive sentence and the sentence did not result from an agreement between the State and Williams, who had jointly requested that Williams be placed on probation. Therefore, this court has jurisdiction to consider Williams' appeal.

Generally, the sentencing judge must impose the sentence set by the Kansas sentencing statutes "unless the judge finds substantial and compelling reasons to impose a departure sentence." K.S.A. 2015 Supp. 21-6815(a); see *State v. Theurer*, 50 Kan. App. 2d 1203, Syl. ¶ 1, 337 P.3d 725 (2014). If the judge grants a departure, he or she must state on the record the substantial and compelling reasons for the departure. K.S.A. 2015 Supp. 21-6815(a).

The Kansas Supreme Court has defined "substantial" as "something that is real, not imagined, something with substance and not ephemeral." *Jolly*, 301 Kan. 313, Syl. ¶ 9; *State v. Sage*, No. 111,045, 2014 WL 7152370, at *3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. __ (August 20, 2015). "Compelling" reasons are those that force the court "'to abandon the status quo and to venture beyond the sentence it would ordinarily impose.' [Citation omitted.]" *State v. Hines*, 296 Kan. 608, 620, 294 P.3d 270 (2013); see *Jolly*, 301 Kan. at 323. The district court considers both mitigating and aggravating factors when determining whether substantial and compelling reasons exist for granting a departure from a guidelines sentence. See *Spencer*, 291 Kan. at 809 (noting that balancing of mitigating and aggravating factors is implied in K.S.A. 21-4716 [now K.S.A. 2015 Supp. 21-6815]); K.S.A. 2015 Supp. 21-6815(c)(1) (providing nonexclusive

list of mitigating factors); K.S.A. 2015 Supp. 21-6815(c)(2) (providing nonexclusive list of aggravating factors).

Williams argues that because he had never attended a drug treatment program, had cooperated with police during the investigation, and had pled guilty, the district court abused its discretion in denying his request for probation. But even if there are substantial reasons that would justify a departure, the district court is not required to impose a departure sentence. See K.S.A. 2015 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.]); *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293, *cert. denied* 134 S. Ct. 270 (2013); *State v. Stevens*, No. 112,649, 2015 WL 9591357, at *5 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 28, 2016.

In making its determination, the district court considered the factors and evidence that weighed for and against granting probation. The State asserted that Williams had cooperated with the police, had pled guilty, and had never received drug treatment. But the drug and alcohol evaluation concluded that Williams would likely be unsuccessful in an outpatient program. Drawing from this, the district court determined that no evidence showed that placing Williams on probation to enter treatment would serve the public good. Even Williams' own lawyer did not argue that Williams would be better served by being placed on probation to enter drug treatment. A reasonable person could agree with the district court's determination to deny Williams' request to receive probation instead of a prison sentence. See *Box*, 2014 WL 6490232, at *2 ("[I]t is reasonable to conclude that evidence of a lack of amenability to probation precludes a dispositional departure from a presumptive prison sentence to probation, even if other factors otherwise warrant a durational departure."). The district court did not abuse its discretion in denying Williams' motion for dispositional departure.

Affirmed.